

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:                    Attention: Mr. W. Pat Camp

Opinion No. O-4197
Re: Can money set aside for lat-
eral roads be spent on roads
or streets in new and old sub-
divisions outside the city
limits?

Your letter of November 1, 1941, requesting an
opinion of this department on the above stated question
reads in part as follows:

"The County Commissioners' Court of this
County has propounded to us the following ques-
tion, which we desire to submit to you for answer:

"Whether money set aside for lateral roads
can be spent on roads or streets in new and old
subdivisions outside of the city limits?

"We enclose herewith a copy of our opinion
to comply with your rule and for whatever assist-
ance it may be. It is our opinion that the ques-
tion should be answered in the affirmative."

In your brief accompanying your request you state
"I assume that the money you refer to is the sum of approx-
imately $88,000.00 recently allocated to Bexar County from
the lateral road account of the State, and which you recent-
ly designated to be spent for the construction or improvement
of county lateral roads, as provided by Article 667dQ-7, Par.
H, Purpose B."

We assume that there is a typographical error con-
cerning the Article in the above quoted paragraph from your
opinion and that the Article referred to is Article 6674Q-7.

Honorable John R. Shook, Page 2

It seems clear that you have reference to money allocated
to your county from the lateral road account, by the Board
of County and District Road Indebtedness, and the Commis-
sioners' Court has exercised its option as to one of the
specified uses of said money as permitted by Article 6674Q-7,
Vernon's Annotated Civil Statutes, namely, the construction
of lateral roads in said county. For the purposes of this
opinion, we must assume that the provisions of Article 6674Q-7,
supra, have been complied with relative to notice to the Board
by the Commissioners' Court, showing the manner in which the
Court has exercised its option, etc.

When the Commissioners' Court has exercised its
option and determined that the money received from the lateral
road account shall be used for the construction of lateral
roads in the county, the statute places no restriction or
limitation on the Commissioners' Court regarding the manner
in which such money is to be expended except that "the same
shall be utilized by the county, acting through the Commis-
sioners' Court, for the construction of lateral roads."

Article 6674Q-2 defines lateral roads as follows:

"All roads which prior to January 2, 1939,
had not become a part of the system of State
designated highways, for convenience of this
Act are called lateral roads."

It is stated in our opinion No. O-3606 referring
to the above mentioned provision "it is our opinion that the
lateral roads to which the Act refers can be nothing more
than such roads as constitute a part of the county road system
as contradistinguished from the State Highway System; there-
fore, we think the fund allocated to the county for the use
on lateral roads under the provisions of this Act would be
restricted to the use on roads constituting a part of the
county system and over which the County Commissioners' Court
has jurisdiction."

Whether or not the roads or streets "in new and
old subdivisions outside of the city limits" constitute a
part of the county road system, contradistinguished from the
State Highway System, and over which the county Commissioners'
Court has jurisdiction is a question of fact which we cannot

915

pass upon. However, if said "roads or streets in new and old subdivisions outside of the city limits" are a part of the county road system, as contradintinguished from the State Highway System, over which the County Commissioners' Court has jurisdiction, we think the Commissioners' Court is authorized to expend the above mentioned money or funds for the construction of lateral roads in the county, as the Court may in its discretion determine.

We thank you for the brief enclosed with your inquiry.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 12, 1941

By _Ardell Williams_

Ardell Williams
Assistant

AW:LM

